■ WILLIAM M. QUIGLEY, Appellant, v THOMAS F. ROCHE, as Personnel Director of the New York City Civil Service Commission, et al., Respondents.—In an article 78 proceeding, *inter alia,* to compel the respondents to appoint the petitioner as a borough foreman in the New York City Highway Department when an opening becomes available, the petitioner appeals (1) from a judgment of the Supreme Court, Richmond County, dated May 9, 1978, which dismissed his petition without a hearing; and (2) from so much of an order of the same court, dated August 3, 1978, as, upon granting reargument, adhered to its original determination. Appeal from judgment dismissed as academic, without costs or disbursements. The judgment was superseded by the order dated August 3, 1978. Order reversed insofar as appealed from, on the law, without costs or disbursements, and upon reargument judgment vacated and petition granted to the extent of directing the respondents to effectuate the continuation of a special eligible list, consisting of the name of the petitioner only. The list shall remain valid for a period of one year from the date of the order to be entered hereon or until his appointment from said list, whichever occurs first. The petitioner qualified for, and passed, a competitive examination for the position of borough foreman (highway maintenance). An eligible list was prepared which placed him 10th out of 13 persons. Eligibility for certification from this departmental promotion list was limited by subdivision (a) of rule 5.3.12 of the Rules and Regulations of the New York City Civil Service Commission to "perma-

nent employees of such department whose names appear on such list, who have served permanently in the eligible title or titles for a total period of not less than one year prior to the date of promotion." The eligible title referred to was that of district foreman (highway maintenance), and it is undisputed that the petitioner served in such title from September 18, 1971 until June 24, 1972, when he was demoted at his own request for personal reasons which we find good and sufficient. The period was approximately three months less than the one year required by subdivision (a) of rule 5.3.12 for eligibility for certification from a departmental or unit promotion list, and for this reason petitioner's name was removed from the promotion list previously established. After resolution of his personal problems, petitioner requested reinstatement to the eligible list, but this was refused. Thereafter, on November 14, 1977, his supervisors directed him to assume the post of acting deputy administrative superintendent for Staten Island, and on January 13, 1978 he was assigned to assume the post of acting administrative superintendent. He continued as such at least until the end of March, 1978, when he commenced the present proceeding, contending that his service at the higher levels, although out of title, should be counted in determining his one-year service as required by subdivision (a) of rule 5.3.12. The respondents concede that the petition is not time barred since, by the petitioner's own account, he did not become eligible for promotion until February, 1978 when he completed, in an "acting" capacity, three additional months of service. However, they contend that petitioner's out-of-title service may not be counted for any purpose herein. We find that petitioner's additional service in an "acting" capacity constituted satisfactory equivalent service, and it was error to deny him credit therefor (see *Matter of Murray v McNamara,* 303 NY 140, 144). Consequently, his name should not have been excluded from the eligible list. Such exclusion rendered the list inaccurate as to him, and he was clearly aggrieved thereby. He is, therefore, entitled to the continuation of a special eligible list (see *Matter of Mena v D'Ambrose,* 44 NY2d 428, 432-434) consisting of his name only (since he is the only petitioner) for the period of one year from the date, of the order to be entered hereon, or until his appointment therefrom, whichever occurs first. Hopkins, J. P., Damiani, Titone and Martuscello, JJ., concur.